TüRLet, J.
delivered the opinion of the court.
The proof in this case shows that the plaintiff in error made a parol contract of purchase of the premises in dispute from the lessor of the defendant in error, under which he entered and held possession; the purchase money had not been paid; upon demand of payment, he refused and said that there was no written contract; he claimed the land as his own; There is no exception as to the charge of the court, but it is now contended, that the plaintiff in error is the tenant of the lessor of the defendant, and as such was entitled to notice to quit, which does not appear to have been given, and that therefore he must have a new ti-ial.
The application for a new trial comes with a bad grace. The possession was acquired by a contract of purchase which is void under the statute of fraud and perjuries. The payment of the purchase money is refused and the possession retained. Nothing but absolute legal necessity would warrant a new trial under the circumstances, and we do not think that such necessity exists.
A person in by purchase is not the actual tenant of vendor, but for some purposes has been held quasi, his tenant, but never as we believe, so as to warrant his demanding a notice to quit, when he refuses to complete the purchase; and in this case the proof shows that the vendor claimed the land as his own and not as tenant, which is a denial of his tenancy, and a forfeiture of a right of notice to quit, if he had it. The judgment of the circuit court will, therefore, be affirmed.